IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JOHN P. DUNBAR, | ) | CV 11-159-M-DWM |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| FIA CARD SERVICES, N.A., | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOHN P. DUNBAR | ) | |
| | ) | |
| Defendant/Appellee. | ) | |
| _____ | ) | |

FIA Card Services appeals a ruling from the United States Bankruptcy Court for the District of Montana. The Bankruptcy Court ruled in favor of debtor and appellee John Dunbar on his counterclaim for attorney's fees and costs under 11 U.S.C. § 523(d). The Bankruptcy Court awarded him $5,595.00. FIA asserts that the Court's decision should be reversed because: (1) FIA's position was "substantially justified"; (2) "special circumstances" exist that should bar the award; and (3) the award should be reduced because Dunbar failed to mitigate his

1

attorney's fees and costs. The Court affirms the Bankruptcy Court.

**BACKGROUND**

On May 5, 2010, Dunbar obtained a $9,000 cash advance on his FIA credit card, nearly exhausting his credit limit. Dunbar used this advance to pay other credit card debt. Later that year, Dunbar filed a Chapter 7 petition, claiming total assets valued at $34,673.00 and liabilities at $43,005.21, all of which was credit card debt. FIA filed a complaint, seeking an exception from the discharge of Dunbar's $9,000 debt under 11 U.S.C. § 523(a)(2) because Dunbar allegedly misrepresented his intent to pay back the $9,000 debt. Section 523(a)(2) generally permits an exception to discharge when the debtor obtained the money from the creditor on false pretenses. Dunbar filed his answer and included a counterclaim for attorney's fees and costs under § 523(d) because, according to Dunbar, FIA's position was not substantially justified and there were no special circumstances that would make an award of attorney's fees and costs unjust.

The day before trial, the parties field a stipulation to dismiss FIA's complaint, leaving the Bankruptcy Court to consider only Dunbar's counterclaim. The Court ruled in favor of Dunbar, awarding him $5,595.00 in attorney's fees and costs. FIA appeals that judgment.

## STANDARD OF REVIEW

The Court reviews a bankruptcy court's award of attorney's fees and costs under § 523(d) for abuse of discretion. *In re Hunt*, 238 F.3d 1098, 1101 (9th Cir. 2001); *In re Pappan*, 334 B.R. 678, 682 (Bankr. App. 10th Cir. 2005) ("[I]t is well-established that a bankruptcy court's determination under § 523(d) of whether the position of a creditor is 'substantially justified' or whether 'special circumstances' exist is . . . reviewed for abuse of discretion." (citations and internal quotation marks omitted)). "Under this standard, [the court]'s decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.*

## ANALYSIS

FIA challenges the Bankruptcy Court's ruling on several grounds, but its arguments are without merit. FIA has failed to show that its position was "substantially justified." It has failed to show that there are any special circumstances that would make an award of attorney's fees and costs unjust. And it has failed to show that Dunbar did not mitigate his attorney's fees and costs by.

**I.     "Substantially justified"**

The creditor bears the burden of proving that its position is substantially

justified. *Hunt*, 238 F.3d at 1103. For a cause of action to be substantially justified, the creditor must show: (1) "a reasonable basis for the facts asserted" (2) "a reasonable basis in the law for the legal theory proposed," and (3) "support for the legal theory by the facts alleged." *Pappan*, 334 B.R. at 683; *see Hunt*, 238 F.3d at 1103.

FIA argues that its claim for an exception to the discharge of Dunbar's debt was substantially justified because Dunbar did not intend to repay the $9,000 charge when Dunbar incurred it. *See* 11 U.S.C. § 523(a)(2)(A) ("[A] discharge . . . does not discharge a debt . . . for money property or services . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud.")

The determination of whether Dunbar had the requisite intent to deceive may be inferred from the facts and circumstances of the case. *In re Eashai*, 87 F.3d 1082, 1087 (9th Cir. 1996). The Ninth Circuit adopted a non-exclusive list of factors that can be used to determine the debtor's intent:

1. the length of time between the charges made and the filing of bankruptcy,

2. whether or not an attorney has been consulted concerning the filing of bankruptcy before the charges were made,

3. the number of charges made,

4. the amount of charges made,

5. the financial condition of the debtor at the time the charges are made,

6. wether the charges were above the credit limit of the account,

7. whether the debtor made multiple charges on the same day,

8. whether or not the debtor was employed,

9. the debtor's prospects for employment,

10. financial sophistication of the debtor,

11. whether there was a sudden change in the debtor's buying habits, and

12. whether the purchases were made for luxuries or necessities.

*In re Eashai*, 87 F.3d at 1087–88 (quoting *In re Dougherty* 84 B.R. 653, 657 (Bankr. App. 9th Cir. 1988)). The Bankruptcy Court here found that the facts weighed against a finding of fraudulent intent, as only factors 8 and 9 were clearly met.

On appeal, FIA challenges the Bankruptcy Court's determination that Dunbar's financial condition (factor 5) did not weigh in its favor. FIA argues that Dunbar's financial condition was poor due to his total credit card balance of $43,000 and lack of employment, causing him to operate at a deficit of $1,690

each month. Furthermore, FIA maintains that Dunbar failed to make a single payment on the card after taking out the $9,000 charge.

Although the failure to make payments on a credit card is not one of the *Dougherty* factors, the Ninth Circuit has held that non-payment may be considered. *See Eashai*, 87 F.3d at 1091. In *Eashai*, the Ninth Circuit found a debtor had an intent to deceive because: (1) he stopped making payments after he exhausted his credit line, (2) his monthly expenses exceeded his income, (3) he had no real employment and no immediate prospect for full-time employment, and (4) he was financially sophisticated. *Id.* Although these facts parallel the case at hand, in *Eashai* the debtor also drastically changed his spending habits when the charges began, maxed out his spending limit on a number of different cards, and used his credit for gambling and speculative purchases. *Id.*

Moreover, although Dunbar's financial condition represents a necessary factor in determining fraudulent intent, "[T]he hopeless state of a debtor's financial condition should never become a substitute for an actual finding of bad faith," based on all of the *Eashai* factors taken together. *In re Anastas*, 94 F.3d 1280, 1286 (9th Cir. 1996). So, even taking into account Dunbar's financial position at the time he took the $9,000 cash advance and his failure to make payments on the account after that point, the facts still weigh against a finding of

6

fraudulent intent.

Finally, a creditor does not have a reasonable basis for the facts asserted if it failed to investigate the § 523(a)(2) action prior to filing. *Pappan*, 334 B.R. at 684; *Hunt*, 238 F.3d at 1103–04. FIA failed to perform any investigation before filing its claim and bases all of its arguments on appeal solely on its contention that Dunbar was credit card kiting.

Because FIA had the burden to prove that its position was substantially justified and because the evidence that FIA submitted did not show that the claim had a reasonable basis in law and in fact, the Bankruptcy Court did not abuse its discretion in finding that FIA failed to demonstrate that its position was substantially justified.

## II. Special circumstances

Even if a cause of action is not "substantially justified," a court should not award attorney's fees and costs if "special circumstances would make the award unjust." 11 U.S.C. § 523(d). The Seventh Circuit explained that § 523(d) "should be interpreted with reference to traditional equitable principles." *In re Hingson*, 954 F.2d 428, 429–30 (7th Cir. 1992) (citations and internal quotation marks omitted). For example, "[I]f a debtor could somehow be found to have procured the creditor's groundless claim of fraud, the exception for special circumstances

would justify the denial of the debtor's application for attorney's fees." *Id.* at 430. The Ninth Circuit has adopted the same interpretation. *See Hunt*, 238 F.3d at 1104. Even if this Court were to put aside the determination that FIA solicited Dunbar to use the card in question to pay back other credit card debt, as FIA argues, FIA fails to provide any cognizable argument as to the existence of any "special circumstances" precluding an award of fees and costs to Dunbar. Thus, the Bankruptcy Court did not abuse its discretion when it found that no "special circumstances" existed.

## III. Amount of fees and costs

FIA argues that the amount awarded should be reduced because Dunbar did not accept FIA's offer to dismiss the case in its entirety, which caused Dunbar's attorney's fees and costs to increase as the litigation continued. FIA relies on *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000) to argue that district courts should consider substantial settlement offers in determining an award of reasonable attorney's fees. The court determines what constitutes a "substantial" offer, and if the offer appears to "roughly equal" the total damages, the offer is generally considered "substantial." *Id.*

Although FIA offered to settle the case as early as April 2011, it only did so with the caveat that Dunbar also dismiss his counterclaim for fees and costs. At

this time, Dunbar had already sustained fees and costs in his defense that he would have borne if he accepted FIA's offer. Moreover, FIA's offer cannot be compared to any potential damages because FIA was simply offering to dismiss a claim that, as explained above, was not substantially justified. FIA could have just as easily mitigated Dunbar's fees and costs by not pursuing the unjustified claim in the first place. FIA cannot escape its obligation to pay the attorney's fees and costs merely by offering to dismiss a claim that was not substantially justified or where no special circumstances exist that would make the award unjust.

The Bankruptcy Court did not abuse its discretion in awarding $5,959.00 in attorney's fees and costs. The award is reasonable and based on a declaration of attorney's fees that includes attached invoices of specific charges.[1]

While the Bankruptcy Court's award is reasonable in its own respect, the Court alternatively notes that FIA waived its objection to the award because it failed to comply with the Montana Local Bankruptcy Rules by not appearing at the hearing on its motion to reconsider. Under Local Bankruptcy Rule 9013-1(j):

> Unless excused by the Court, the failure of any party to attend a duly noticed hearing shall be deemed a waiver of the pleading, objection, or

---

[1] The Bankruptcy Court disallowed $200 of Dunbar's counsel's fees for lumping. Thus, Dunbar did not file for "block fees," as alleged by FIA and the Bankruptcy Court did not abuse its discretion in awarding attorney's fees and costs after considering Dunbar's declaration.

9

motion, and a consent to sustaining or granting the relief sought by the attending party.

FIA apparently attempted to attend the hearing via video conference, but it did not first seek leave of the Bankruptcy Court to do so. *See* Mont. Local Bankr. R. 5074-1(a). As the Bankruptcy Court explained, "It was counsel's responsibility, not the Clerk's and not the Court's, to arrange to appear in accordance with the Court's procedures."

## CONCLUSION

FIA failed to prove that it had substantial justification for seeking an exemption to the discharge of Dunbar's $9,000 debt or that "special circumstances" exist that would make an award of attorney's fees and costs unjust. The Bankruptcy Court did not abuse its discretion when it awarded $5,595.00 to Dunbar under 11 U.S.C. § 523(d).

IT IS ORDERED that the Bankruptcy Court's award of attorney's fees and costs to John Dunbar in the amount of $5,595.00 is AFFIRMED.

Dated this 15th day of May 2012.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT